In the Matter of the Estate of KATHERINE L. HALL, Deceased.

Surrogate's Court, New York County, July 21, 1927.

Wills — construction — devise in trust for benefit of daughter — devise authorized annual payment of $3,000 and after paying mortgages it authorized payment of excess of net income to life beneficiary — property consisted of leaseholds — leaseholds were " wasting securities "— life tenant entitled to so much only as represents fair return on capital value — appraisal of leaseholds was too low — mortgages were actually paid out of principal and not out of income.

The testatrix devised the residue of her estate in trust for the benefit of her daughter. She directed that the daughter should be paid $3,000 annually; that the excess over that income should be invested and applied to pay off the mortgages against the leaseholds which represented the residue of the estate. Since the death of the testatrix in 1897 the life tenant has been paid $3,000 annually and the mortgages against the leaseholds amounting to $20,000 have been paid. There has been accumulated and invested a balance of rents which now amount to $69,871.72. Inasmuch as the leaseholds were what are termed " wasting securities," the life tenant is entitled to only so much of the income as represents a fair return on the capital value. The balance of the income was properly accumulated and retained as principal for the benefit of the remaindermen.

The appraisal by the executors of the leaseholds at $22,000 was too low. It seems that the appraisal made in 1926 is based on the values of property and the rentals thereof as of the date of the death of the testatrix thirty years before and that the appraisal did not take into consideration the increase in

---

* Amending Tax Law, § 230.— [REP.

the values of property and the increased rentals. In view of the actual rents earned by the leaseholds which have now terminated, and the payment therefrom of $3,000 annually to the life tenant, as well as the discharge of mortgages for $20,000, and the payment of other debts and the expenses of administration, the sum which has accumulated and is in the possession of the trustees represents the value of the leaseholds and that sum must be retained by the trustees as the principal, and the annual income therefrom paid to the life tenant.

The direction in the will to pay the mortgages out of the rents received is not invalid for the rents from which the mortgages were paid were actually a part of the capital and not a part of the income.

ACCOUNTING proceeding by executors involving construction of will.

*Rounds, Hatch, Dillingham & Mead,* for the executors.

*Rounds, Dillingham, Mead & Neagle,* for the petitioner.

*Edward B. Schulkind,* special guardian.

*Louis Bertcher,* for Mabel Johnson.

*C. Parker Lattin,* for Louis D. Rossire.

*Edwards H. Childs,* for Josephine B. Hall, legatee.

O'BRIEN, S. In this accounting proceeding objections to the account of the executors were filed by Alice B. Rossire, a daughter of the testatrix and a remainderman under the will, and by her four children. To determine the questions raised by the objections a construction of the will is necessary. In disposing of her residuary estate the testatrix provided as follows:

"*Fifth.* All the rest, residue and remainder of my estate, real and personal, whatsoever and wheresoever in possession or expectancy whereof I may die seized I give, devise and bequeath to my said Executors or to such of them as may qualify, the survivors and survivor of them, in trust nevertheless to care for and preserve and invest the same and keep the same invested and out of the net income derived therefrom, if sufficient for that purpose, to pay to my said daughter Josephine as long as she shall remain unmarried, and as long as she shall live if she does not marry, the sum of Three thousand dollars each year, the same to be paid in monthly payments of Two hundred and fifty dollars in each month of the year.

" I further give to my daughter Josephine and to each of my other children who may survive me, as long as they live, as a Christmas present, the sum of one hundred dollars and direct my executors to pay same from the funds in their hands the first part of December in each year, during the continuance of this trust.

" And upon the further trust, if my said daughter Josephine shall marry, upon that marriage, to thereafter continue the pay-

ment of the amount of said annuity, namely $3,000 in equal shares by representation to such of my children as shall then be living and the issue of such of them as may then be dead, such children and issue to take in equal shares, this payment to be continued during the lifetime of my said daughter Josephine and my son Herbert Oakley and no longer. Should my daughter Josephine not marry, and should she die before my said son Herbert Oakley, the same disposition of said amount shall be made until the death of my said son, and should he die before my said daughter Josephine the like disposition shall be made of said amount until the time of her death. And upon the death of my said son or daughter, whichever shall last happen and after the payment of my debts including all bonds and mortgages for the payment of which my estate shall be liable, I give, devise and bequeath the whole of the rest, residue and remainder of my estate to my children who shall then be living and the issue and descendants of such of my children as may then be dead, such children, issue and descendants to take in equal shares by representation.

"And the devise and bequest hereinabove made to my said executors is made upon the further trust during the lifetime of said Josephine and Herbert to keep invested all excess of the income of my said estate over and above the annuity and payments hereinabove provided and all money and property which may come to them as part of my estate from any source whatever and to apply the same from time to time as they are enabled to do so to pay off in part or in whole the mortgage debts outstanding upon my leasehold premises Nos. 13 and 23 West 42nd Street in this city, and upon my real property in Milburn, New Jersey.

" And upon the further trust in their discretion to obtain renewals of the leases of said 42nd Street premises at such ground rent as may be fixed under the provisions of the leases thereof or to take the compensation therein provided for the buildings erected thereon, as they may deem best for the interests of my estate.

" Should the funds derived from excess incomes at any time be sufficient to completely discharge all my mortgages and other indebtedness, then the annuity payments heretofore provided for shall be increased equally to the full amount of my net income each year.

" *Sixth.* It is my will that my said executors and trustees may invest any of the proceeds of my estate in railroad bonds or in railroad, gas, or other stocks which have regularly paid interest or dividends for five years successively at the time of investment or by deposit in good savings banks or in any of the ways sanctioned by law and for the exercise of their discretion in making any of

the investments herein authorized other than in those ways they shall be held blameless and shall not be held to any personal accountability should loss accrue to my estate by reason of their exercising such discretion.

" *Seventh.* I hereby give to my said executors and trustees or to such of them as may qualify the survivors or trustees or to such of them as may qualify the survivors or survivor of them full power and authority to sell any and all real or leasehold property or leases whereof I may die seized at such time in such manner and on such terms as they may deem proper and to execute and deliver to the purchasers or purchaser good and sufficient conveyances and assignments thereof."

The testatrix died on March 9, 1897, leaving her surviving five children, Herbert O. Hall and Josephine B. Hall, who are the executors under the will, Clara H. Stevens, who is still living; . Louis O. Bratnahl, who died without issue on May 20, 1911, and Alice B. Rossire, who died since the commencement of this proceeding, and in whose place and stead the executors of her estate have been substituted. Alice B. Rossire left four children and three grandchildren, who have all been made parties to this proceeding, the grandchildren being represented by the special guardian appointed herein.

At the time of her death the testatrix was the owner of certain ground leases on premises 13 West Forty-second street and 23 West Forty-second street in the borough of Manhattan, city of New York. These two leaseholds, forming the greater portion of the trust created under the will, constitute practically all the assets left by the testatrix outside of a few thousand dollars in other property. The leaseholds expired, pursuant to their terms, on May 1, 1901. The executors procured a short renewal of the lease on 23 West Forty-second street from May 1, 1901, to May 1, 1905, and upon its expiration in May, 1905, procured another renewal of such lease for a period of twenty-one years from May 1, 1905, which expired on May 1, 1926, at an annual ground rental of $4,000. The lease on 13 West Forty-second street was renewed at its expiration on May 1, 1901, for a further term of twenty-one years, expiring on May 1, 1922, at an annual ground rental of $3,750. Upon the expiration of the leaseholds in 1922 and 1926 no further renewals were had and the buildings thereon reverted to the owners of the land.

*This is the first accounting of the executors since the death of the testatrix in 1897.* In March, 1926, the executors procured an appraisal of the leaseholds as of the date of the death of the testatrix. Each lease was appraised at $22,000 and was subject

Misc. 313]    Surrogate's Court, New York County, July, 1927.

to a mortgage of $10,000, thus leaving an equity in each property, based upon such appraisal, of $12,000, or a total of $24,000. The account shows that Josephine B. Hall, the life tenant of the residuary trust, received out of the net rents collected from the beginning of the administration of the estate to the date of the filing of the account herein an income which when averaged for the whole period which elapsed was equal to the sum of $3,000 per annum; that the executors satisfied out of the rents collected the mortgages of $10,000 each on the leaseholds, and having paid the necessary expenses of administration and the annual Christmas presents provided for in the will, have accumulated and invested the balance of rents, which now amount to the sum of $69,871.72. In their account the executors have, however, set up out of the excess rents which they have collected a principal sum of $44,000, the appraised value of the leaseholds, and have charged against this principal so set up the sum of $20,000 paid for the discharge of the two mortgages. They set forth as the total principal now constituting the assets of the estate the sum of $26,412.11, and the total accumulated income as $43,459.61.

(1) The principal question raised by the objections filed involves a determination as to the proper disposition of the net rents of the leaseholds which have been collected and accumulated by the executors. Josephine B. Hall, the life tenant of the residuary trust, urges a construction under which the whole of the net rents now in the possession of the executors would be payable to her as life beneficiary, entitled to all excess income of the trust as provided in paragraph " fifth," after the payment of the mortgages and annual Christmas presents. On the other hand, the executors of the estate of Alice B. Rossire (a remainderman under the will), the children of Alice B. Rossire (contingent remaindermen under the will) and the special guardian of her infant grandchildren contend that the distribution of the rents collected by the executors should be governed by the general rule that where the assets of the estate of a decedent are invested in what are termed " wasting securities " as were the leaseholds here, the life tenant should receive only so much of the income as represents a fair return on the capital value, the balance being accumulated and retained as principal for the benefit of the remaindermen.

After a careful analysis of the will I have reached the conclusion that the contentions of the objectants in this respect are correct and should be sustained. (*Matter of Golding*, 127 Misc. 821.) The intention of the testator is the dominant factor in determining all questions like that before us and the intention of testatrix herein is indicated in clear and unmistakable expressions found in her will

among which the following are worthy of mention: (1) She names a specific amount, viz., $3,000, to be paid to Josephine B. Hall as an annuity out of the income of the trust estate if sufficient for that purpose; (2) she directs the distribution of this $3,000 in equal shares to her other children and Josephine in the event of Josephine's marrying during the term of the trust; (3) she bequeaths the remainder of the trust fund to her other children or their issue after the death of her daughter Josephine and her son Herbert Oakley; (4) she authorizes her executors in their discretion to obtain renewals of the leases in question at such ground rent as may be fixed in the provisions of the leases, *or to take the compensation therein provided for the buildings erected thereon*; (5) she directs the executors and trustees to invest the proceeds of her estate in certain specified interest-bearing stocks, as set forth in paragraph " sixth " of the will, and she authorizes the sale of any of the leasehold property or leases in the judgment of the executors.  In the ordinary case where the assets of the estate consist of so-called wasting securities the general rule is that executors or trustees should pay to the life tenant only so much of the income as represents a fair return upon the capital value, accumulating and retaining the residue for the benefit of the remaindermen.  (*Frankel* v. *Farmers' Loan & Trust Co.*, 152 App. Div. 58, affd., 209 N. Y. 553; *Matter of Golding*, 127 Misc. 821.)  Only where it clearly appears from the will that the testator is not concerned as to whether or not there is anything left for the remainderman will the life beneficiary be entitled to receive the entire income of a " wasting " security.  (*Frankel* v. *Farmers' Loan & Trust Co.*, supra; *Matter of Hall*, 127 Misc. 238; *Matter of Schumann*, N. Y. L. J. Dec. 14, 1926.)  In the cases just cited the life tenants were adjudged entitled to receive the whole of the net rents of the leaseholds involved because of the particular language of each will.  In the *Frankel* and the *Hall* cases there were provisions which permitted the invasion of the corpus of the estate for the benefit of the life beneficiary. In the *Schumann* case the life tenant was entitled to the income of the principal until 1941, with power to invade the principal, at the end of which time the corpus of the trust vested absolutely in such beneficiary.  *Here no such intention is manifest, nor is there in the will any other provision which takes this case out of the general rule governing " wasting securities."*  On the contrary, the executors and trustees are charged with the duty, as shown by paragraph " fifth," " to care for and preserve and invest " the residuary estate.   (2). As to the question of the value of the leaseholds I hold that the appraisal of the leaseholds at a value of $22,000 each is much too low.  The appraisal made in

1926 appears to be based on the values of the property and the rentals thereof as of the date of the death of testatrix, thirty years ago, but did not take into consideration the great increase in the values of the property and the increased rentals thereof in subsequent years. It appears that the sum $69,871.72, now invested in securities, will be sufficient, after the payment of the expenses of this proceeding and the commissions to the executors, to yield approximately the sum of $3,000 annually directed by the will to be paid to the life tenant. This sum of $69,871.72, in my opinion, is a more accurate valuation of the leaseholds, considering the actual rents earned by the leaseholds which have now been ascertained and the payment therefrom of the annuities to the life tenant averaging $3,000 per year, and the discharge of the mortgages, other debts and expenses of administration. (*Matter of Golding, supra; Matter of Elsner*, 210 App. Div. 575.) I hold, therefore, that such balance should be retained by the trustees as the principal of the trust under paragraph " fifth " of the will, and that the annual income therefrom be paid to Josephine B. Hall during the term of her life or until she marry. (3) While a direction in a will to pay mortgages out of income is invalid (*Hascall* v. *King*, 162 N. Y. 134), in this case the executors have paid the mortgages in question not out of income but out of principal consisting of rentals set aside for the purpose of amortizing the leaseholds which are wasting securities and, therefore, under the law constituting principal. (*Frankel* v. *Farmers' Loan & Trust Co., supra; Matter of Golding, supra; Matter of Schumann, supra.*) (4) The petitioner, Herbert Oakley Hall, will be permitted to resign as trustee upon the settlement of the account herein and the Irving Bank-Columbia Trust Company of New York city will be appointed in his place and stead, upon qualifying pursuant to law. (5) All questions of commissions will be reserved until the settlement of the decree to be entered hereon. Submit decree construing the will and settling the account accordingly.